IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THOMAS ROBERTSON, JR.                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:05-CV-676WS

JO ANNE B. BARNHART, Commissioner of Social Security                DEFENDANT


**JUDGMENT DIRECTING REMAND TO THE COMMISSIONER**

Before the court is the motion of the defendant Jo Anne B. Barnhart, the Commissioner of the Social Security Administration, to remand the above styled and numbered cause to the Commissioner of Social Security under sentence four of section 205(g) of the Social Security Act, Title 42 U.S.C. § 405(g).[1] The motion is unopposed.

Plaintiff Thomas Robertson, Jr., filed this lawsuit seeking judicial review, reversal and remand of an Administrative Law Judge's ("ALJ") denial of a request for social security benefits. The Commissioner, despite filing an answer denying the plaintiff's claims, now wishes to allow the ALJ an opportunity to reevaluate the plaintiff's residual functional capacity based on subsequently presented evidence.

The plaintiff's initial appeal for benefits before the ALJ was denied on February 17, 2005, based on the ALJ's finding that there were jobs in the national economy that the plaintiff could perform. Meanwhile, the plaintiff had filed a subsequent appeal to

---

[1] The fourth sentence of Title 42 U.S.C. § 405(g) provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

the ALJ of yet another benefits denial.  This time, on October 22, 2005, the ALJ found the plaintiff was wholly disabled and was eligible for benefits.

Now, the Commissioner seeks to have the ALJ convene a supplemental hearing, if remand is allowed, in order to consider the evidence in the plaintiff's second case and determine whether the plaintiff could have been found disabled in the first case.   Such remand to the Commissioner is appropriate where the Commissioner concedes that the ALJ's findings in the first case do not comport with the evidence subsequently presented by the plaintiff in his second case.  *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir.2000).

The Commissioner cites this court's authority under 42 U.S.C. § 405(g) to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Based on this statutory authority, and the case law previously cited, this court hereby remands this case to Commissioner.  On remand, the Administrative Law Judge will consider the aforesaid evidence and reconcile the February 17, 2005, decision that plaintiff was not disabled with the ALJ's October 22, 2005, decision that the plaintiff was disabled.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2006.

s/ **HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-CV-676WS
JUDGMENT